UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON DESHAUN JACKSON,

    Petitioner,                                    Case No. 06-CV-13803
                                                  HON. AVERN COHN

v.

JAN TROMBLEY,

    Respondent.
_____/

## OPINION AND ORDER
## GRANTING RESPONDENT'S MOTION TO DISMISS
## AND
## DISMISSING PETITION

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Jason Deshaun Jackson (Petitioner) is a state inmate at the Saginaw Correctional Facility in Freeland, Michigan. Petitioner filed a petition for a writ of habeas corpus alleging that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's office, has filed a motion to dismiss the petition for failure to comply with the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). For the reasons which follow, the motion will be granted.

II.

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of armed robbery, felonious assault, possession of a firearm during the commission of a

felony, and felony firearm.  He was sentenced to twelve to twenty years' imprisonment for the armed robbery conviction, two to four years' imprisonment for the felonious assault conviction, three to five years' imprisonment for the possession of a firearm conviction, and two years' consecutive imprisonment for the felony firearm conviction. Petitioner was sentenced as an habitual offender, second, MICH.COMP.LAWS § 769.10.

Petitioner filed his claim of appeal to the Michigan Court of Appeals within the appropriate time, and on March 10, 2005, the court of appeals vacated the felonious assault conviction and sentence on double jeopardy grounds, but affirmed Petitioner's remaining convictions and sentences.  People v. Jackson, No. 253120 (Mich.App. March 10, 2005).  On May 18, 2005, Petitioner filed an application for leave to appeal to the Michigan Supreme Court.  In a letter dated the same day and addressed to Petitioner, the Michigan Supreme Court denied Petitioner's application for leave to appeal because he did not file his application within the appropriate time–"not able to file same because your pleadings were received beyond the rule-prescribed time limitations.  See MCR 7.302(C)(2)."  Petitioner had fifty-six (56) days from the time of the Michigan Court of Appeals' decision in which to file his application for leave to appeal.  He failed to do so.  Petitioner does not appear to have filed a motion for relief from judgment pursuant to M.C.R. 6.500 et. seq.

Petitioner filed his petition for habeas corpus relief on August 28, 2006.

III.

There is a one-year limitations period on petitions.  See 28 U.S.C. § 2244(d)(1). Petitioner's application for habeas corpus relief was filed after April 24, 1996.  The statute of limitations runs from the latest of: a) the date on which the judgment became

final, i.e., when time for seeking direct review has expired; b) the date on which any impediment to filing the application was removed by the state; c) the date on which a newly enacted constitutional right was created and made retroactive to cases on collateral review; and d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(A)-(D).

IV.

Here, the Michigan Court of Appeals affirmed Petitioner's conviction on direct review on March 10, 2005. Under M.C.R. 7.302(C)(3), Petitioner would have had fifty-six (56) days to file a delayed application for leave to appeal with the Michigan Supreme Court following the denial of any appeal by the Michigan Court of Appeals. Rice v. Trippett, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Because Petitioner did not file a timely application for leave to appeal his conviction to the Michigan Supreme Court, his conviction became final, for purposes of § 2244(d)(1)(A), on May 5, 2005, when the time for seeking leave to appeal with the Michigan Supreme Court expired. See Brown v. McKee, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002).[1] Petitioner therefore had one year from that date to timely file a petition for habeas relief with the federal court. In other words, Petitioner was required to file his petition for writ of habeas corpus with this

---

[1] Normally, the one year statute of limitations does not begin to run until the ninety-day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. Here, however, Petitioner would not be entitled to have the ninety-day time period for seeking a writ of certiorari added to the calculation of the limitations period, because his failure to file a timely application for leave to appeal to the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a writ of certiorari.

Court no later than May 5, 2006, in order for the petition to be timely filed.  Because Petitioner did not file his petition for writ of habeas corpus with this Court until August 28, 2006, the petition is subject to dismissal for failure to comply with the one-year statute of limitations.

Petitioner argues that, even if his petition for a writ of habeas corpus was untimely, he should be entitled to equitable tolling.  In <u>Dunlap v. United States</u>, 250 F. 3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit held that habeas petitions are subject to equitable tolling under the five-part test set forth in <u>Andrews v. Orr</u>, 851 F.2d 146 (6th Cir. 1988) which provides:

> (1)the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

<u>Dunlap</u>, <u>supra</u> at 1008.  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  <u>Griffin v. Rogers</u>, 308 F.3d 647, 653 (6th Cir. 2002).  Here, Petitioner has failed to offer any reasons for the untimely filing of his petition for writ of habeas corpus.  Petitioner is not entitled to equitable tolling of the one-year limitations period, because Petitioner has failed to allege the existence of any extraordinary circumstances which prevented him from filing his habeas petition on time.

V.

For the reasons stated above, Respondent's motion to dismiss is GRANTED.

The petition is DISMISSED.

SO ORDERED.

    s/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated:  March 27, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Jason Jackson, 375367, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623 on this date, March 27, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
    Case Manager, (313) 234-5160