UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON DESHAUN JACKSON,

    Petitioner,                               Case No. 06-CV-13803
                                             HON. AVERN COHN

v.

JAN TROMBLEY,

    Respondent.
_____/

**ORDER DENYING A CERTIFICATE OF APPEALABILITY AND
GRANTING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.**

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Jason Deshaun Jackson (Petitioner) filed a petition for a writ of habeas corpus, claiming that he is incarcerated in violation of his constitutional rights.  The Court dismissed the petition on the grounds that Petitioner failed to comply with the one-year statute of limitations under 28 U.S.C. § 2244(d)(1).  See Order filed March 27, 2007.

Before the Court are Petitioner's motions for a certificate of appealability (COA) and to proceed in forma pauperis.  Petitioner's motion requesting in forma pauperis status is GRANTED.  See Fed. R. App. 24(a).  Petitioner's motion for a COA is DENIED.

**II.**

Before Petitioner can appeal the Court's decision, a certificate under 28 U.S.C. § 2254(c)(1)(A) and Fed.R.App.P. 22(b) must issue.  A certificate of appealability

may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In <u>Slack v. McDaniel</u>, 529 U.S. 473, 120 S.Ct. 1595 (2000), the Supreme Court held that where, as here, the petition is dismissed on procedural grounds, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Id</u>. at 484, 120 S.Ct. at 1603-04 (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3395 (1983)).

The Supreme Court has explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a certificate of appealability must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus . . . a claim can be debatable even though every jurist of reason might agree, after the certificate of appealability has been granted and the case has received full consideration, that petitioner will not prevail." <u>Id</u>. at 338, 123 S.Ct. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability. <u>See</u> <u>Murphy v. State of Ohio</u>, 263 F.3d 466 (6th Cir. 2001) (per curiam). Where a petitioner files a notice of appeal, the Court must issue an order granting or denying a certificate of appealability. <u>See</u> <u>Castro v. United States</u>, 310 F.3d 900 (6th Cir. 2002) (per curiam).

**III.**

Petitioner seeks a certificate of appealability on issues related to the statute of limitations and on the substantive issues raised in the petition. As explained in the Court's March 27, 2007 Order, Petitioner's petition was untimely filed and he failed to demonstrate any grounds for tolling the statute of limitations. Reasonable jurists would not debate that the petition is time barred or find that Petitioner's claims deserve to proceed further.

SO ORDERED.

                                                s/Avern Cohn
                                                AVERN COHN
                                                UNITED STATES DISTRICT JUDGE

Dated: April 30, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Jason Jackson, 375367, Saginaw Correctional Facility, 9625 Pierce Road Freeland, MI 48623 on this date, April 30, 2007, by electronic and/or ordinary mail.

                                                s/Julie Owens
                                                Case Manager, (313) 234-5160